UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESLIE P. PAL,

    Plaintiff,

v.                                                        Case No: 8:21-cv-2850-CEH-JSS

JOHN DOE, DAVE SCOFF, GREG
SHIELDS and SIMONS SANGUIN,

    Defendants.
_____

## ORDER

This matter is before the Court on periodic review. On March 4, 2022, the Court entered an Order dismissing Plaintiff's Complaint and granting Plaintiff leave to file an amended complaint within twenty days. Doc. 8. Rather than timely filing an amended complaint, Plaintiff, who is proceeding *pro se*, filed a hand-written, unintelligible document titled "Police Scope Tampa Federal." Doc. 10. Even construing Plaintiff's filing liberally, it is not an amended complaint nor a motion seeking an extension of time to file an amended complaint. Because Plaintiff has failed to timely file an Amended Complaint, despite being given the opportunity to do so, this action is due to be dismissed without prejudice.

## DISCUSSION

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute her case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337.

On March 4, 2022, the Court adopted the Magistrate Judge's report and recommendation and dismissed Plaintiff's claims, denied without prejudice Plaintiff's motion to proceed *in forma pauperis*, and granted Plaintiff the opportunity to file an amended complaint. Doc. 8 at 2. The Court directed Plaintiff to file an Amended Complaint within twenty days of the date of the order. Thus, Plaintiff's Amended Complaint was due on or before March 24, 2022. The Court cautioned that "[f]ailure to file an amended complaint within the time provided will result in this matter being dismissed without further notice of the Court." *Id.* at 2. Plaintiff did not file an Amended Complaint by the March 24, 2022 deadline, nor did Plaintiff seek an extension of time to do so.

Instead, on March 28, 2022, Plaintiff filed a hand-written document titled "Police Scope Tampa Federal." Doc. 10. The document is rambling and unintelligible. In part, Plaintiff states:

> (1) Please include no trespass order w/above. Need to see parents, family, ex-husband based on previous file;
> (2) Please include lifetime RSOs with Sandelon circuit court St. Pete;
> (3) Need to see family, ex, brother, cousins; . . .

*Id.* at 1. Plaintiff makes jumbled references to circuit court cases in St. Petersburg and Sarasota, an FBI case, money stolen from Fifth Third Bank, tax returns, and friends from high school, middle school, and a wedding party. The document does not comply with the Federal Rules of Civil Procedure or the Middle District of Florida Local Rules.

Because Plaintiff failed to timely file an Amended Complaint or seek an extension of time to do so, this action is due to be dismissed. Accordingly, it is

**ORDERED**:

1. This action is **DISMISSED without prejudice**.

2. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on April 4, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Leslie Pal, *pro se*
Counsel of Record
Unrepresented Parties