UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESLIE P. PAL,

    Plaintiff,

v.                                        Case No: 8:21-cv-2850-CEH-JSS

JOHN DOE, DAVE SCOFF,
GREG SHIELDS, and SIMON
SANGUIN,

    Defendants.
_____

## ORDER

This matter is before the Court on Plaintiff's Motion to Reopen Case. Doc. 14. The Court, having considered the one-page motion and being otherwise advised in the premises, will deny Plaintiff's motion.

## DISCUSSION

Plaintiff Leslie Pal, who is proceeding *pro se*, initiated this action in December 2021, alleging claims against various Defendants, including officers with the U.S. Navy and U.S. Marine Corps, and agents of the Federal Bureau of Investigation ("FBI") and the Central Intelligence Agency ("CIA"). Doc. 1. Plaintiff's complaint references money owed to Plaintiff from various sources, but she fails to allege any cognizable claim for relief from any of the Defendants sued. In conjunction with her complaint, Plaintiff filed a motion to proceed *in forma pauperis*. Doc. 3. The Magistrate Judge, after conducting an analysis of Plaintiff's Complaint under 28 U.S.C. § 1915,

issued a report and recommendation recommending that the Complaint be dismissed without prejudice and that Plaintiff be given the opportunity to file an amended complaint. Doc. 6. As observed by the Magistrate Judge, the Complaint "is replete with notations, phrases, incomplete sentences, cross-outs, computations, and abbreviations." *Id.* at 3. The Complaint is unintelligible. Plaintiff had fourteen days to object to the Magistrate Judge's recommendation. Any objection was to be filed by March 1, 2022. No objection was filed.

On March 4, 2022, the undersigned adopted the Magistrate Judge's report and recommendation, after conducting an independent examination of the file. Doc. 8. The Court denied without prejudice Plaintiff's motion to proceed *in forma pauperis* and dismissed Plaintiff's Complaint, without prejudice. *Id.* at 2. Plaintiff was granted twenty days in which to file an Amended Complaint and to renew the motion to proceed *in forma pauperis*. The Court cautioned that failure to file an amended complaint within the time permitted would result in this matter being dismissed without further notice. *Id.* No Amended Complaint was timely filed. On April 4, 2022, the Court entered an Order dismissing Plaintiff's Complaint without prejudice and closing the case. Doc. 11.

Now before the Court is Plaintiff's Motion to Reopen Case filed April 26, 2022. Doc. 14. Like the Complaint, the one-page document is unintelligible and consists of hand-written notes of incomplete, disjointed sentences. Plaintiff's filing includes a numbered listing of random incoherent details regarding the "negligent FBI witness

program," "security maintenance," "stolen High Court dollars," money issued to Regions Bank and Fifth Third Bank, and "Brad Ellis advocate." Doc. 14.

On the same date, Plaintiff filed an unauthorized Amended Complaint, in which Plaintiff names additional Defendants and claims to be owed money by a U.S. Navy officer, FBI agents, and a former neighbor. Doc. 15. Plaintiff's Amended Complaint lacks sufficient facts from which a cognizable federal cause of action can be inferred, and Plaintiff's allegations appear clearly baseless, delusional, and without an arguable basis either in law or in fact.[1] The Amended Complaint, filed after the case was closed and without leave of Court, is due to be stricken.

In the motion to reopen, Plaintiff fails to cite to any rule or legal authority to support reopening this case. It appears that Plaintiff is seeking relief from this Court's order of dismissal (Doc. 11). Federal Rule of Civil Procedure 60 sets forth certain circumstances that permit a court to grant relief from a judgment or order. Pursuant to Rule 60, the Court may grant relief from a judgment or order due to "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence . . .; fraud, misrepresentation, or misconduct by an opposing party; . . . ; or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (2), (3), (6). Even construing Plaintiff's *pro*

---

[1] Notably, Plaintiff brought multiple similar cases in the Middle District of Florida, and in each, Plaintiff's claims were dismissed as deficient and frivolous. *See Pal v. U.S. Navy*, Case No. 8:21-cv-568-KKM-SPF (M.D. Fla.) (case filed Mar. 11, 2021 and dismissed on April 20, 2021); *Pal v. Marine*, Case No. 8:21-cv-307-SDM-AEP (M.D. Fla.) (case filed Feb. 9, 2021 and dismissed Feb. 18, 2021); *Pal v. Jenny*, Case No. 8:20-cv-2460-MSS-CPT (M.D. Fla.) (case filed Oct. 21, 2020 and dismissed Nov. 17, 2020); *Pal v. Germany*, Case No. 8:20-cv-403-VMC-AEP (M.D. Fla.) (case filed Feb. 21, 2020 and dismissed Mar. 25, 2020).

*se* pleading liberally, Plaintiff alleges none of these circumstances. Accordingly, the request to reopen this case is due to be denied. It is hereby

**ORDERED**:

1. Plaintiff's Motion to Reopen Case (Doc. 14) is **DENIED**.

2. Plaintiff's Amended Complaint (Doc. 15) is **STRICKEN**.

**DONE** and **ORDERED** in Tampa, Florida on June 3, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Leslie Pal, *pro se*
Counsel of Record